Philip J. Pogledich (SBN: 197110)
County Counsel
philip.pogledich@yolocounty.org
Eric May (SBN: 245770)
Senior Deputy County Counsel
eric.may@yolocounty.org
OFFICE OF THE COUNTY COUNSEL
625 Court Street, Room 201
Woodland, California 95695
Telephone: (530) 666-8172
Facsimile: (530) 666-8279

Brenda Aguilar-Guerrero (SBN: 151257)
bguerrero@meyersnave.com
Anne E. Smiddy (SBN: 267758)
asmiddy@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant
COUNTY OF YOLO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KENT,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF YOLO and Does 1 through 100 inclusive,<br><br>    Defendant. | Case No. 2:18-cv-02805-MCE-DB<br><br>**REPLY IN SUPPORT OF COUNTY OF YOLO'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date:    January 24, 2019<br>Time:    2:00 PM<br>Courtroom 7, 14th floor<br>Hon. Morrison C. England, Jr.<br><br>Trial Date:    None Set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL ARGUMENT ......................................................................................................... 2

    A. Plaintiff's Complaint Lacks Legal Support, Warranting Dismissal at the Pleading Level ............................................................................................................ 2

    B. The First, Second, Third, Fourth, Fifth and Seventh Causes Fail as a Matter of Law Because Plaintiff Cannot Assert a Protectable Property Interest ................. 2

        1. Plaintiff Ignores the Substantial Precedent Finding there is No "Right" to Cultivate Cannabis Under California or Federal Law ................. 3

        2. Plaintiff Cannot Assert a Vested Right in a Temporary License ................. 3

    C. Plaintiff's Claim for Equal Protection Fails to Allege Facts that the County Acted Without a Rational Basis by Including the YBWAH in the Definition of the Term "Park" ................................................................................................... 5

    D. In Addition to These Fatal Flaws, the Complaint Contains Additional Defects which further Demonstrate the Futility of Amendment. ............................. 6

        1. Plaintiff Fails to Plausibly Allege that a Compensable Taking Occurred ............................................................................................................ 6

        2. Plaintiff's Federal Procedural Due Process Claim Should Be Dismissed Because Plaintiff Failed to Avail Himself of the Available Procedures ............................................................................................................ 8

        3. Plaintiff Cannot State a Claim for Violation of Federal Substantive Due Process Because He Cannot Allege Facts to Show that the County's Amendment was Arbitrary and Capricious ................................. 9

        4. Plaintiff Misconstrues the Requirements of the Statute of Limitations for California Regulatory Takings Claims............................. 10

III. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acton v. United States*,
    401 F.2d 896 (9th Cir. 1968) .................................................................................... 5

*Barrios v. Cty. of Tulare*,
    No. 1:13-CV-1665, 2014 WL 2174746 (E.D. Cal. May 23, 2014) ...................... 2, 3

*Belmont Cty. Water Dist. v. State of California*,
    65 Cal. App. 3d 13 (1976) ........................................................................................ 5

*Brewster v. Bd. of Educ.*,
    149 F.3d 971 (9th Cir. 1998) .................................................................................... 8

*Bronco Wine Co. v. Jolly*,
    129 Cal. App. 4th 988 (2005) ................................................................................... 3

*Christensen v. Yolo County Bd. of Supervisors*,
    995 F.2d 161 (9th Cir. 1993) .................................................................................... 9

*Communities for a Better Environment v. South Coast Air Quality Management
    District*,
    48 Cal. 4th 310 (2010).............................................................................................. 4

*Cty. of Sonoma v. Superior Court*,
    190 Cal. App. 4th 1312 (2010) ............................................................................... 10

*Del Monte Dunes at Monterey, Ltd. v. City of Monterey*
    920 F.2d 1496, (9th Cir.1990) .................................................................................. 9

*Edmonds v. County of Los Angeles*,
    40 Cal. 2d 642 (1953)............................................................................................... 4

*Guggenheim v. City of Goleta*
    638 F.3d 1111 (9th Cir. 2010) .................................................................................. 7

*Harris v. County of Riverside*,
    904 F.2d 497 (9th Cir. 1990) .................................................................................... 8

*Horn v. County of Ventura*
    24 Cal. 3d 605 (1979)............................................................................................... 8

*Lucas v. South Carolina Coastal Council*,
    505 U.S. 1003 (1992) ............................................................................................... 6

*Moore v. City of Costa Mesa*,
   886 F.2d 260 (9th Cir. 1989) .................................................................................................. 2

*New Orleans v. Dukes*,
   427 U.S. 297 (1976) ................................................................................................................. 6

*People v. Urziceanu*,
   132 Cal. App. 4th 747 (2005) ................................................................................................ 10

*Ryan Outdoor Advertising, Inc. v. United States*
   559 F.2D 554 (9th Cir. 1977) .................................................................................................. 4

*Safe Life Caregivers v. City of Los Angeles*
   243 Cal. App. 4th 1029 (2016) ................................................................................................ 3

*San Francisco Tomorrow v. City & Cty. of San Francisco*,
   228 Cal. App. 4th 1239 (2014) ................................................................................................ 8

*Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*,
   484 Fed.Appx. 153 (9th Cir. 2012) ......................................................................................... 4

*Schmidt v. County of Nev.*,
   No. 2:10–CV–3022, 2011 WL 2967786 (E.D.Cal. July 19, 2011) .......................................... 2

*Sierra Nevada SW Enterprises, Ltd. v. Douglas Cty.*,
   506 Fed.Appx 663 (9th Cir. 2013) .......................................................................................... 9

*Staffin v. County of Shasta*,
   No. 2:13–cv–00315, 2013 WL 1896812 (E .D.Cal. May 6, 2013) .......................................... 2

*Thompson v. Illinois Dept. of Professional Regulation*
   300 F.3d 750 (7th Cir. 2002) ................................................................................................... 6

*Town of Castle Rock, Colo. v. Gonzales*
   545 U.S. 748 (2005) ................................................................................................................. 3

*United States v. 42.13 Acres of Land*,
   73 F.3d 953 (9th Cir. 1996) ................................................................................................. 2, 4

**Statutes**

Cal. Gov. Code § 54954.2 ............................................................................................................... 8

Cal. Gov. Code § 65009 ................................................................................................................ 10

**Other Authorities**

Yolo County Cannabis Land Use Interim Ordinance ........................................................... *passim*

## I. INTRODUCTION

Plaintiff John Kent ("Plaintiff") fails in his opposition to show that he can establish necessary elements for each of his causes of action. He argues that his protectable property interest is his ownership interest in his property, as opposed to the temporary license he was granted by the County of Yolo ("County"). However, as the case he cites in support of this argument makes clear, an owner has the right to devote his land to "any legitimate use." *See*, Plaintiff's Opposition ("Opp.") at 4. The County did not deprive Plaintiff of a *legitimate* use of his property.[1] Plaintiff does not have a constitutionally protected right to commercially cultivate marijuana. Without the revocable, temporary license, he could not cultivate marijuana for profit. Thus, he must establish that a revocable, temporary license constitutes a protectable property interest, which he has not and cannot do.

Plaintiff asserts that, since he spent over $1 million from the time he obtained his temporary license in March 2017 to the time the Interim Ordinance was amended in November 2017, he had a vested right in his temporary license. As explained below, however, there is no compensable taking where the government refuses to renew a license. Further, any speculative expenditures Plaintiff spent on his cultivation facility were not in reliance on the terms of the license because the license was expressly temporary, and conditional on the constantly evolving Interim Ordinance. The County is not legally required to pay public funds to compensate Plaintiff for his risky and uncertain investment. Without the allegation of a protectable property interest, Plaintiff's claims for inverse condemnation and due process violations fail.

Plaintiff's argument regarding his claim for violation of equal protection similarly lacks merit. Plaintiff argues that the amendment to the Interim Ordinance lacks a rational basis because (1) County was aware of the YBWAH when it granted him a license in March 2017, and (2) one of the members of the Board of Supervisors had been "very vocal about being opposed to commercial cultivation." Opp. at 10. These contentions do not plausibly show that the

---

[1] Even though Plaintiff alleged a *de facto* taking in the Complaint, Plaintiff's opposition does not dispute that, without the cannabis license, there are a number of allowed residential and commercial uses on his Property.

designation of the YBWAH as a "park" is unrelated to the achievement of any legitimate government purpose.  The County has a legitimate interest in reducing the negative impacts cannabis cultivation has on community centers open to the public. Thus, Plaintiff's claim for violation of equal protection cannot be cured by amendment.

Therefore, Plaintiff's complaint should be dismissed without leave to amend.

## II.     LEGAL ARGUMENT

### A.     Plaintiff's Complaint Lacks Legal Support, Warranting Dismissal at the Pleading Level

Plaintiff fails to provide any legal support for his claim that a temporary and revocable cannabis license creates a constitutionally protected property interest.  Notwithstanding the lack of legal authority for each of his claims, Plaintiff argues that the factual nature of inverse condemnation and due process claims require a determination at trial.  Opp. at 2-3.  However, dispositive motions are appropriate means to dispose of meritless regulatory taking and due process claims.  *See*, *Moore v. City of Costa Mesa*, 886 F.2d 260, 264 (9th Cir. 1989) (motion to dismiss); *see also*, *United States v. 42.13 Acres of Land*, 73 F.3d 953, 956–57 (9th Cir. 1996) (summary judgment).  Where "allegations are insufficient to state a claim for unconstitutional regulatory taking for which compensation is due," dismissal at the pleading level without leave to amend is proper.  *Moore v. City of Costa Mesa*, 886 F.2d at 264.[2]  Here, legal issues bar recovery on each of Plaintiff's claims.  Since Plaintiff can prove no set of facts in support of his claims which would entitle him to relief, the Complaint should be dismissed without leave to amend.

### B.     The First, Second, Third, Fourth, Fifth and Seventh Causes Fail as a Matter of Law Because Plaintiff Cannot Assert a Protectable Property Interest

As explained in the County's moving papers, Plaintiff's claims for inverse condemnation and due process violations fail because Plaintiff does not have a protectable property interest in commercial cultivation of cannabis on his Property.  Because the claims for injunctive and

---

[2] The Eastern District has repeatedly granted motions to dismiss without leave to amend for due process claims based on a purported "right" to possess, cultivate, or distribute marijuana.  *Barrios v. Cty. of Tulare*, No. 1:13-CV-1665, 2014 WL 2174746, at *4 (E.D. Cal. May 23, 2014); *see also*, *Staffin v. County of Shasta*, No. 2:13–cv–00315, 2013 WL 1896812 (E .D.Cal. May 6, 2013); *Schmidt v. County of Nev.*, No. 2:10–CV–3022, 2011 WL 2967786 (E.D.Cal. July 19, 2011).

declaratory relief are based solely on the claims for inverse condemnation, these claims also fail. *See*, Defendant's Motion to Dismiss at 12.

### 1. Plaintiff Ignores the Substantial Precedent Finding there is No "Right" to Cultivate Cannabis Under California or Federal Law

Plaintiff contends that he has a "protectable property interest" because he owns the Subject Property, and has a constitutionally protected right to put his property to any legitimate use. Opp. at 4. However, commercial cannabis cultivation is not included in Plaintiff's bundle of property rights. Plaintiff could not commercially cultivate cannabis on his property without the license. The license only granted Plaintiff limited local immunity from prosecution for cultivation of a federally illegal substance. There is no statutory or constitutional *right* to possess, cultivate, distribute or transport marijuana under California and federal law. *Safe Life Caregivers v. City of Los Angeles*, 243 Cal. App. 4th 1029, 1049 (2016) (citations omitted). Since cannabis is "under federal law … indisputably illegal and contraband per se," there is "no cognizable property interest" underlying Plaintiff's claims for substantive and procedural due process violations and inverse condemnation. *Barrios v. Cty. of Tulare*, No. 1:13-CV-1665, 2014 WL 2174746, at *4 (E.D. Cal. May 23, 2014) (due process) (citations omitted); *see also*, *Bronco Wine Co. v. Jolly*, 129 Cal. App. 4th 988, 1030 (2005) (inverse condemnation).

### 2. Plaintiff Cannot Assert a Vested Right in a Temporary License

Plaintiff cites to *Town of Castle Rock, Colo. v. Gonzales*, to argue that even though cannabis cultivation is federally illegal, state laws can create a right to due process. 545 U.S. 748, 748 (2005) ("*Gonzales*"). The case does not support Plaintiff's contention. In *Gonzales*, the court found that a government benefit created by state law, such as enforcement of restraining orders, is only constitutionally protected where it is an "entitlement." *Id.* Due process does not protect benefits that are not "mandatory;" *e.g.* where officials have discretion to grant or deny it. *Id.* at 749. As explained above, California courts have decided there is no protected interest in cannabis cultivation. Further, Plaintiff's cannabis license was not an entitlement. The license Plaintiff received pursuant to the Interim Ordinance was a revocable, temporary (10-month), government-created, privilege which was conditioned upon compliance with developing rules and regulations.

*See*, Complaint, Ex. C; *see also*, Interim Ordinance, as amended, RJN Exs. 1-5, 7; *see also*, Opp. at 5.  Thus, it cannot be considered an "entitlement" for purposes of due process.

Further, Plaintiff has no protectable interest in the nonrenewal of his temporary license.  In *United States v. 42.13 Acres of Land*, the Ninth Circuit determined that the nonrenewal of a license does not create a compensable taking under the Fifth Amendment.  73 F.3d 953, 957 (9th Cir. 1996).  The court reasoned that expectations "based only on economic and political predictions, not property rights, are not protected." *Id.*  Similarly, in *Ryan Outdoor Advertising, Inc. v. United States*, billboard companies sued the government for refusing to renew revocable permits, after government policies had changed to restrict billboards on federal lands.  559 F.2d 554 (9th Cir. 1977).  The court rejected their inverse condemnation claim because, once their permits were revoked or expired, "[t]here was no longer any interest to be compensated." *Id.* at 557.  Here, regardless of Plaintiff's alleged economic or political expectations, he has no right to compensation for the County's nonrenewal of a temporary license.

Ignoring the temporary nature of the license, Plaintiff argues that he had a "vested" right to commercially cultivate cannabis on his Property because of his investment in the cultivation facility.  However, the cases which Plaintiff cites are inapposite; they do not discuss a ***temporary*** government-issued license.  *See,* Opp. at 4. [3]  According to Plaintiff, a government entity cannot refuse to renew a temporary and revocable license whenever the licensee asserts that he spent money "in good faith."  Plaintiff misconstrues the law.

---

[3] Plaintiff's cases have no bearing on the issue of whether Plaintiff has asserted a protectable property interest: *Communities for a Better Environment v. South Coast Air Quality Management District*, 48 Cal. 4th 310, 323 (2010) found that a vested right in a permit did not preclude the District from refusing to issue new permit based on new regulation, or require pollution mitigation pursuant to existing permit.  *Edmonds v. County of Los Angeles*, 40 Cal. 2d 642, 651 (1953) did not discuss vested rights; it found that promissory estoppel applied to the landowner's oral agreement regarding a pre-existing, nonconforming use of a zoning ordinance.  Here, Plaintiff cannot assert a nonconforming use because his license is temporary, and the ordinance was not in effect when he purchased the Property.  In the unpublished decision of *Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*, 484 Fed.Appx. 153, 154 (9th Cir. 2012), the court found no abuse of discretion for an injunction based on claims for due process violations based on the revised ordinance's automatic revocation of the existing permit in 180 days.  Here, the license was always temporary and revocable.  None of these cases involve temporary licenses or regulatory takings.

> [U]nder well recognized general rules a license is a personal, revocable and unassignable privilege conferred either by writing or parol to do one or more acts on the land without possessing any interest therein. A license by deed or parol is by definition revocable at the pleasure of the licensor and is generally not compensable in a condemnation proceeding.

*Belmont Cty. Water Dist. v. State of California,* 65 Cal. App. 3d 13, 17 (1976) ("*Belmont*") (*citations omitted*); *see also*, *Acton v. United States*, 401 F.2d 896, 899 (9th Cir. 1968) ("[A]license does not constitute property for which the Government is liable upon condemnation…."). Under California law, only where a licensee, "acting in good faith under the terms of the instrument … has made substantial expenditures in reasonable reliance upon the representations by the licensor with respect to the duration of the license and when the permission of revocation would work fraud or injustice upon the licensee," can the license be considered "irrevocable." *Belmont*, 65 Cal. App. 3d at 17-18 (citations omitted).

In this case, Plaintiff ignores the requirement that his expenditure must be made in reasonable reliance on the terms of the instrument.  The license, by its *express* terms, was for a ten-month duration, and scheduled to expire on January 31, 2018.  *See*, Complaint, Ex. C.  There is no assertion that the County represented to Plaintiff that he could commercially cultivate cannabis on his Property for an infinite duration.  Further, the license was conditioned upon compliance with the developing and changing Interim Ordinance.  *See*, Complaint, Ex. C.  The Interim Ordinance had been amended four times before Plaintiff obtained his temporary license. *See*, County's Request for Judicial Notice ("RJN"), Exs. 1-5.  The frequent amendments to the Interim Ordinance demonstrate how uncertain the developing rules and regulations were at the time.  Moreover, the County specifically warned cultivators about making substantial investments pursuant to the license due to the temporary nature of the program.  *See*, RJN Ex. 6.  There is no fraud or injustice in the nonrenewal of Plaintiff's temporary license.  Plaintiff is not entitled to be compensated by the County for his risky and uncertain investment.  Without a protectable property interest, the First, Fourth, Fifth and Seventh Causes of Action fail.

**C. Plaintiff's Claim for Equal Protection Fails to Allege Facts that the County Acted Without a Rational Basis by Including the YBWAH in the Definition of the Term "Park"**

Plaintiff makes the conclusory argument that the County's act of designating the YBWAH

as a "park" was "wholly arbitrary and irrational because it was personally and politically motivated, rather than out of concern for the community's safety." Opp. at 13. The court should disregard Plaintiff's conclusory allegations, which are contradicted by facts established by documents attached as exhibits to the Complaint and incorporated by reference. *See*, *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

The Interim Ordinance explained that regulation of marijuana is necessary to prevent harm to the health, welfare, and safety of the community, and to avoid the risks of criminal activity, degradation of the environment, and offensive odor. Yolo County Ordinance No. 1467, § 1(I). To minimize these risks, cannabis cultivation was prohibited within 1,000 feet of a park, a church, a youth-oriented facility, a residential treatment facility, and federal lands. YCCO § 5-20.05. The YBWAH could reasonably be included in the definition of "Park," since it is a community building that serves the public by offering education programs, and serves as a gateway to public walking trails. Complaint, Ex. J.

In the area of local economic regulation which does not implicate fundamental rights or suspect classifications, "it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with [principles of equal protection]." *New Orleans v. Dukes*, 427 U.S. 297, 303-304 (1976). That is clearly not the case here. Thus, the court should dismiss Plaintiff's equal protection claim without leave to amend.

**D.     In Addition to These Fatal Flaws, the Complaint Contains Additional Defects which further Demonstrate the Futility of Amendment.**

**1.     Plaintiff Fails to Plausibly Allege that a Compensable Taking Occurred**

Brushing over the fact that the nonrenewal of Plaintiff's cannabis license does not prohibit the numerous residential and commercial uses of his land, Plaintiff argues that he did not receive a "reasonable return" on his investment, warranting compensation from the County. Opp. at 6. In doing so, Plaintiff seeks over $27 million dollars for the deprivation of the "reasonable return" on his investment of $967,000. Opp. at 6; Complaint ¶ 8, Prayer for Relief at ¶ 1. The numbers demonstrate the unreasonableness of Plaintiff's contention. The claim cannot support an objective determination of what was understood by the County at the time it issued the temporary license. *See*, *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1035 (1992) (KENNEDY, J.,

concurring) ("The expectations protected by the Constitution are based on objective rules and customs that can be understood as reasonable by all parties involved"). Plaintiff's subjective intent of earning over $27 million in commercial cannabis sales should not be "determinative" of whether a regulatory taking has occurred. Opp. at 6.

Plaintiff's expectation of receiving 27 times his original investment is unreasonable because commercial cannabis cultivation was prohibited federally and at the local level by the County when Plaintiff purchased the Property. Defendant argues that it was reasonable for him "to generally anticipate future regulatory framework that legalized commercial cannabis cultivation in the County." Plaintiff's "anticipation" of a change in the law does not create "distinct investment-backed expectations" for purposes of inverse condemnation. The court in *Guggenheim v. City of Goleta*, similarly found no regulatory taking where the landowner purchased property with existing rent control ordinances in place. 638 F.3d 1111, 1120–21 (9th Cir. 2010). The court reasoned,

> The Guggenheims might conceivably have paid a slight speculative premium over the value that the legal stream of rent income would yield, on the theory that rent control might someday end, either because of a change of mind by the municipality or court action. But that premium could be no more than a speculative possibility, not an 'expectation.' (*Id.*)

In this case, there were ***substantial*** hurdles to Plaintiff's ability to use his Property for commercial cannabis cultivation at the time he purchased the Property. The County would need to adopt a local ordinance to allow commercial cultivation. Plaintiff would need to comply with all of the requirements of the (then nonexistent) ordinance to obtain a license. Plaintiff would need to obtain a state-issued license or permit. And, since the cultivation was still federally illegal, the federal government would need to forego prosecution of his illegal cultivation, in order for Plaintiff to continue his chosen use. The purpose of the Takings Clause is "to prevent the government from 'forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" *See*, Opp. at 5 (citing *Palazzolo v. Rhode Island,* 533 U.S. 606, 618 (2001)). Plaintiff's speculative possibility of reaping significant returns by cultivating cannabis on his property does not require protection of the Takings Clause.

### 2. Plaintiff's Federal Procedural Due Process Claim Should Be Dismissed Because Plaintiff Failed to Avail Himself of the Available Procedures

Even if we assume there was a protected property interest in Plaintiff's temporary revocable cannabis license, Plaintiff must plead that there was "a denial of adequate procedural protections" to assert a claim for procedural due process. *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff argues that he was "the only property owner affected by the change to the County Code," so the County was required to provided individual notice of the November 7, 2017 hearing. Opp. at 12. However, the amendment to the definition of the term "Park" was not the only change to the Interim Ordinance discussed by the Board of Supervisors at the public hearing on November 7, 2017. *See*, RJN Ex. 8. As indicated by the Board of Supervisors Meeting Minutes, the Board held a public hearing wherein four (4) individuals spoke to the Board about the proposed amendment. *See*, RJN Ex. 3. As a result of the discussions at the November 7, 2017 hearing, the County overhauled the Interim Ordinance. *Compare*, RJN Ex. 8, to RJN Exs. 1-5; *see also*, *Horn v. Cty. of Ventura* 24 Cal.3d 605, 612 (1979) ("[O]nly those governmental decisions which are adjudicative in nature are subject to procedural due process principles."); *S.F. Tomorrow v. City & Cty. of San Francisco*, 228 Cal. App. 4th 1239, 1254 (2014): ("Where a rule of conduct applies to more than a few people, it is impracticable that every one should have a direct voice in its adoption," *distinguishing Harris v. County of Riverside,* 904 F.2d 497 (9th Cir. 1990)) (internal quotations omitted). The County was not required to provide individual notice to Plaintiff for the hearing on the amendments to the Interim Ordinance.

Further, Plaintiff does not contend that the agenda items were not publicly available, both at the County facilities and online.[4] Even though the County was only required by law to publish the agenda, the Board provided notice to all cultivators of the upcoming discussions regarding the

---

[4] *See*, Cal. Gov't Code § 54954.2 ("At least 72 hours before a regular meeting, the legislative body of the local agency … shall post an agenda containing a brief general description of each item of business to be transacted or discussed at the meeting …. A brief general description of an item generally need not exceed 20 words. The agenda shall specify the time and location of the regular meeting and shall be posted in a location that is freely accessible to members of the public and on the local agency's Internet Web site….").

8
REPLY ISO COUNTY'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

future of the Interim Ordinance in the July 2017 letter to all cultivators.  *See,* RJN Ex. 6.  The letter specifically provided the website for the meeting agendas to the Board of Supervisors Meetings.  *Id.*  Thus, the County's notice was reasonable.

Moreover, Plaintiff never sought relief to challenge the Amendment to the Interim Ordinance within the applicable time period, even though the letter from County Counsel to Plaintiff's attorney specifically stated he could "[file] an action with the appropriate court in connection with the adoption or terms of [the] Ordinance."  Complaint, Ex. J.  Since Plaintiff failed to avail himself of the available procedures, the claim for violation of due process should be dismissed without leave to amend.

### 3. Plaintiff Cannot State a Claim for Violation of Federal Substantive Due Process Because He Cannot Allege Facts to Show that the County's Amendment was Arbitrary and Capricious

Even though Plaintiff cannot assert a protected property interest, Plaintiff argues that the Board of Supervisors acted arbitrarily and irrationally in determining the YBWAH to be a "park" because the Board already provided Plaintiff with a temporary license, knowing that his property was adjacent to the YBWAH.  However, for an action to be "arbitrary and capricious," it must be so egregious as to "amount to an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective."  *Sierra Nevada SW Enterprises, Ltd. v. Douglas Cty.*, 506 Fed.Appx 663, 665–66 (9th Cir. 2013) (citations omitted).  Further, a land use regulation is a valid exercise of the police power if it is fairly debatable that it bears a reasonable relation to the general welfare.  *See*, *Christensen v. Yolo Cty. Bd. of Supervisors*, 995 F.2d 161, 165 (9th Cir. 1993).

In support of his position, Plaintiff cites to *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, which reversed summary judgment for a trial on the merits of a substantive due process claim.  920 F.2d 1496, 1508 (9th Cir. 1990) ("*Del Monte Dunes*").  This case is distinguishable.  In *Del Monte Dunes*, the challenged determination was the rejection of a specific development proposal, not the adoption of an amendment to a new, developing, interim land use ordinance.  Further, the board in *Del Monte Dunes* could not provide any reason for their decision to "abruptly" reject the development plan.  *Id.*  Here, County Counsel sent a letter to Plaintiff on December 19, 2017, specifically providing the justification for the amendment by detailing how

the community uses the YBWAH as a park.  Complaint Exhibit J.  Further, justifications were set forth in the language of the Ordinance, which specifically stated the risks to the community associated with cannabis cultivation.[5]  Thus, Plaintiff fails to assert facts that show the County plausibly acted "arbitrarily" when it prohibited outdoor cultivation within 1,000 feet of this public community center.

### 4. Plaintiff Misconstrues the Requirements of the Statute of Limitations for California Regulatory Takings Claims

Plaintiff argues that the County cannot avail itself of the provisions of California Government Code section 65009 because (1) Defendant did not properly notice Plaintiff of the November 7, 2017 hearing, and (2) Defendant did not affirmatively avail itself of the protections of the section.  However, as explained above in Section II (D)(2), the County properly notified Plaintiff of the November 7, 2017 hearing.  Further, Plaintiff cannot simultaneously argue that he has exhausted administrative remedies, while also claiming that he does not need to abide by *any* statute of limitations.  *See*, Opp. at 14. As explained in the County's moving papers, Plaintiff failed to file the appropriate actions to exhaust his administrative remedies within the applicable time periods; thus, the inverse condemnation claims are time barred.  *Cty. of Sonoma v. Superior Court*, 190 Cal. App. 4th 1312, 1325–26 (2010) (applying Section 65009 to local cannabis regulations); *see also*, *People v. Urziceanu*, 132 Cal. App. 4th 747, 774 (2005) (same).

## III. CONCLUSION

For the foregoing reasons, the County requests dismissal of the complaint in its entirety, without leave to amend.

DATED: January 17, 2019　　　　　MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
　　Brenda Aguilar-Guerrero
　　Attorneys for Defendant COUNTY OF YOLO

3153214.1

---

[5] Plaintiff also argues that political concerns motivated the change in the definition of "park" to specifically include the YBWAH community center because one Board member was "vocal about being opposed to commercial cultivation."  It is unclear how one Board member's "vocal" opposition to commercial cultivation impacted the five-member Board's adoption of the amendments, which continued to allow commercial cultivation.