UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

    Plaintiff,

    v.

COUNTY OF YOLO and Does 1 through 100, inclusive,

    Defendant.

No. 2:18-cv-02805-MCE-DB

**MEMORANDUM AND ORDER**

In this action, Plaintiff John Kent ("Plaintiff") seeks redress from Defendant County of Yolo ("Defendant") arising from Defendant's refusal to renew Plaintiff's medicinal cannabis cultivation license. Presently before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def.'s Mot., ECF No. 9. The matter is fully briefed (ECF Nos. 12, 13), and for the reasons outlined below Defendant's Motion is GRANTED.[1]

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

# BACKGROUND[2]

The real property in question is located at 45133 County Road 32B, El Macero, California (the "Property"). Compl., ECF No. 1-1, ¶ 7. Beginning in March 2011, the Property was allegedly used in accordance with Proposition 215 for the cultivation of medicinal cannabis. Compl. ¶ 7. On or about December 23, 2015, Plaintiff purchased the Property at the premium price of $967,000 due to its history of lawful cannabis cultivation. Compl. ¶ 8. At all times relevant here, Plaintiff has intended to operate thereon a cannabis cultivation enterprise under the entity Kent Farms. Compl. ¶ 9. Since its purchase, Plaintiff claims to have invested nearly $1 million to meet code requirements for the Property's existing buildings. Compl. ¶ 12.

On March 31, 2017, Defendant granted Plaintiff a temporary license to lawfully cultivate cannabis on the Property. Compl. ¶ 11. With the issuance of this license, Plaintiff's cultivation of cannabis at the Property constituted a legal use under the County Code. Thereafter, Plaintiff proceeded to cultivate, process, and harvest cannabis grown on the one-acre permitted portion of his Property. Compl. ¶ 13. Plaintiff alleges that he operated his cannabis business in good standing and without complaint from March 31, 2017 to December 1, 2017. Id.

On December 1, 2017, Plaintiff received notification that his cannabis license was ineligible for renewal due to a violation of the County Code, particularly because his cultivation site was now within a restricted location. Compl. ¶ 14. Plaintiff claims that only then did he discover that on or about November 7, 2017, the Yolo County Board of Supervisors passed an amendment to Title 5, Chapter 20.03, subsection "CC" of the County Code, which, in part, changed the definition of the word "park" to specifically include the Yolo Bypass Wildlife Area Headquarters ("YBWAH"). Compl. ¶ 16. The YBWAH was designated as a wildlife area in 1994 by the Fish and Game Commission

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint, ECF No. 1-1.

but was otherwise not designated as a park under the County Code until 2017. Id. Title 5, Chapter 20.05, subsection A(1) of the County Code prohibits the cultivation of cannabis within 1,000 feet of a park, and the YBWAH is immediately adjacent to the Property. Compl. ¶ 17. Consequently, by amending the definition of "park," Defendant essentially rendered Plaintiff's cannabis cultivation illegal. Id. Plaintiff claims that this amendment passed with no notice to Plaintiff or to the general public. Compl. ¶ 16.

In response, Plaintiff sent a demand letter to Defendant on December 4, 2017, requesting reconsideration of the decision to define YBWAH as a park. Compl. ¶ 18. Plaintiff additionally filed a Request for Appeal with Defendant on December 5, 2017. Compl. ¶ 19. Ultimately, Plaintiff's request for reconsideration was denied, which resulted in his filing of a Claim for Damages with Defendant on May 4, 2018. Compl. ¶ 24. On June 22, 2018, Plaintiff's Claim for Damages was rejected and Plaintiff commenced the present lawsuit in the Yolo County Superior Court on September 18, 2018. See ECF No. 1-1; Compl. ¶ 24. On October 19, 2018, Defendant removed the action to this Court. ECF No. 1.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

3

1 | recitation of the elements of a cause of action will not do." Id. (internal citations and
2 | quotations omitted). A court is not required to accept as true a "legal conclusion
3 | couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
4 | Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief
5 | above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &
6 | Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the
7 | pleading must contain something more than "a statement of facts that merely creates a
8 | suspicion [of] a legally cognizable right of action")).
9 |      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
10 | assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and
11 | quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard
12 | to see how a claimant could satisfy the requirements of providing not only 'fair notice' of
13 | the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &
14 | Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to
15 | relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their
16 | claims across the line from conceivable to plausible, their complaint must be dismissed."
17 | Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
18 | that actual proof of those facts is improbable, and 'that a recovery is very remote and
19 | unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).
20 |      A court granting a motion to dismiss a complaint must then decide whether to
21 | grant leave to amend. Leave to amend should be "freely given" where there is no
22 | "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
23 | to the opposing party by virtue of allowance of the amendment, [or] futility of the
24 | amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
25 | Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
26 | be considered when deciding whether to grant leave to amend). Not all of these factors
27 | merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .
28 | carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . .")).

**ANALYSIS**

Plaintiff's Complaint alleges seven causes of action ("COA"): (1) Inverse Condemnation; (2) Injunctive Relief; (3) Declaratory Relief; (4) Violation of Substantive Due Process; (5) Violation of Procedural Due Process; (6) Violation of Equal Protection; and (7) Regulatory Taking. The First, Fourth, Fifth, and Seventh COAs each arise from Defendant's alleged deprivation of Plaintiff's constitutionally protected property rights. Furthermore, the Second and Third COAs likewise depend upon a finding that Plaintiff sufficiently pleaded violations of his property rights due to Defendant's actions. The Court considers these "property interest" claims first, then turns to Plaintiff's Sixth COA for Equal Protection.

    **A.**    **Plaintiff Has Not Identified a Constitutionally Protected Property Interest**

Plaintiff's First and Seventh COAs are for inverse condemnation under California state law and regulatory taking under the Fifth Amendment's Takings Clause, respectively. The Fifth Amendment's Takings Clause prohibits the taking of "private property . . . for public use, without just compensation." U.S. Const. amend. V. A Takings Clause claim requires proof that the plaintiff's constitutionally protected property interest has been severely burdened by the government regulation. See Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 538-39 (2005); see also Sierra Med. Servs. Alliance v. Kent, 883 F.3d 1216, 1223 (9th Cir. 2018) (citing Turnacliff v. Westly,

546 F.3d 1113, 1118 (9th Cir. 2008)). When an inverse condemnation claim arising under Article I, § 19 of the California Constitution is pleaded along with a federal Takings Clause claim, "the two clauses have generally been interpreted the same by the California Supreme Court." Wiese v. Becerra, 306 F. Supp. 3d 1190, 1198 (E.D. Cal. 2018) (citing San Remo Hotel, L.P. v. City & Cnty. of San Francisco, 27 Cal. 4th 643, 664 (2002)).

Here, Plaintiff contends that Defendant's amendment to the County Code constituted either (1) a per se taking, because the amendment deprived Plaintiff of all economically beneficial use of the Property, or (2) a regulatory taking, because the amendment interfered with Plaintiff's reasonable investment-backed expectations. Compl. ¶¶ 35-39, 72. For each of these claims Plaintiff must show the existence of a constitutionally protected property interest. Plaintiff contends that his interest in the Property suffices to meet this requirement because he has a "right . . . to devote [his] land to any legitimate use." Pl.'s Opp., ECF No. 12 at 4:5-7. However, Plaintiff's contention is misguided, as federal law does not recognize any protectible property interest in the cultivation of cannabis. Cook v. City of Cal. City, No. 1:16-cv-00429-DAD-JLT, 2017 WL 1348951, at *4 (E.D. Cal. Apr. 12, 2017) ("[T]here is no right—and certainly no constitutional right—to cultivate medical marijuana."); Raley v. Williams, No. 2:14-cv-2652-JAM-CMK, 2018 WL 4027020, at *6 (E.D. Cal. Aug. 23, 2018), report and recommendation adopted in part, rejected in part, No. 2:14-cv-02652-JAM-DMC, 2018 WL 6620882 (E.D. Cal. Dec. 18, 2018) ("[T]here is no US Constitutional right related to cultivation of marijuana. As such, there cannot be a federal constitutional violation restricting the cultivation of marijuana.").

Alternatively, Plaintiff contends he has a property interest in the cannabis cultivation license. Pl.'s Opp., at 4:9-17. However, obtaining a license does not inherently create a property interest. See Acton v. United States, 401 F.2d 896, 899 (9th Cir. 1968) ("It is clear that a license does not constitute property for which the Government is liable upon condemnation"); Thornton v. City of St. Helens, 425 F.3d

6

1158, 1165 (9th Cir. 2005) ("[A]n applicant does not have a property interest in the renewal of a license if the reviewing body has discretion to deny renewal or to impose licensing criteria of its own creation."); Citizens Against Corruption v. Cnty. of Kern, No. 1:19-cv-0106-AWI-GSA-JLT, 2019 WL 1979921, at *1-3 (E.D. Cal. May 3, 2019) (discussing plaintiffs' inability to establish a property interest in the cultivation of cannabis and concluding the denial of the temporary medical marijuana dispensary license did not violate due process); San Jose Parking, Inc. v. Super. Ct., 110 Cal. App. 4th 1321, 1329 (2003) ("[C]ase law makes clear that licenses create no interest in real property.").

In reliance on Communities for a Better Env't v. S. Coast Air Quality Mgmt. Dist., Edmonds v. Los Angeles Cnty., and an unpublished decision, Santa Barbara Patients' Collective Health Coop. v. City of Santa Barbara, Plaintiff contends he obtained a vested right in the cannabis cultivation license through detrimental reliance. Pl.'s Opp., at 4:19-5:7. However, Plaintiff's reliance on the aforementioned cases is misplaced, as these cases do not discuss expired temporary licenses and thus are factually distinguishable here. See Communities for a Better Env't v. S. Coast Air Quality Mgmt. Dist. v. S. Coast Air Quality Mgmt. Dist., 48 Cal. 4th 310, 323-25 (2010) (concluding the doctrine of vested rights did not limit the agency's ability to establish an analytical baseline for a new project based on existing conditions, rather than prior permit standards); Edmonds v. Los Angeles Cnty., 40 Cal. 2d 642, 651 (1953) (stating nonconforming use rights are protected, but concluding plaintiffs' continuing use was not similar to the use existing at the time the zoning ordinance became effective); Santa Barbara Patients' Collective Health Coop. v. City of Santa Barbara, 484 F. App'x. 153, 154 (9th Cir. 2012) (concluding the district court did not abuse its discretion in granting a preliminary injunction where a revised ordinance "effectively revoked" the plaintiff's existing dispensary use permit without due process).

While some California courts have found licenses to be irrevocable when a "licensee [makes] substantial expenditures in reasonable reliance on the representations by the licensor," (Belmont Cnty. Water Dist. v. State of Cal., 65 Cal. App. 3d 13, 13

(1976)), the Court is not convinced that this outcome is warranted here. See J. Arthur Properties, II, LLC v. City of San Jose, 21 Cal. App. 5th 480, 488-92 (2018) (finding the city's "fundamental interest in locally determining where medical marijuana collectives [were] authorized" outweighed the impacts to the plaintiffs and the elements of equitable estoppel were not met).

Therefore, Plaintiff's First and Seventh COAs fail because Plaintiff cannot establish a constitutionally recognized property interest that was burdened by Defendant's amendment. In addition, Plaintiff's Second and Third COAs for Injunctive and Declaratory Relief likewise must fail because they similarly depend upon a finding of a constitutionally recognized property interest. Since Plaintiff has no such interest, therefore, an actual controversy does not exist as required for declaratory relief. Finally, Plaintiff's Fourth and Fifth COAs for violation of his Substantive and Procedural Due Process, which also turn on the existence of a protected property interest, are similarly deficient. See Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir.1998) ("To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property."). Accordingly, Defendant's Motion to Dismiss Plaintiff's First, Second, Third, Fourth, Fifth, and Seventh COAs is GRANTED with leave to amend.

**B.    Plaintiff Has Not Established Disparate Treatment**

Plaintiff's only claim that does not specifically rely upon the identification of a constitutionally protected property right is his Sixth COA for Equal Protection. To state an equal protection violation under the Fourteenth Amendment, Plaintiff must show Defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). "The first step in equal protection analysis is to identify the . . . classification of groups . . . [which] . . . must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." Thornton, 425 F.3d at 1166-67 (internal citations omitted). A plaintiff not part of a protected class

may still bring "a successful equal protection claim" by showing that he is a "class of one," although "the plaintiff still bears the burden of proving that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 1167.

Here, Plaintiff alleges his equal protection rights were violated when Defendant intentionally amended the County Code to target his Property. Pl.'s Opp., at 12:22-26. Since Plaintiff has not alleged he is a member of a protected class, the Court interprets his equal protection claim as arising under a "class of one" theory. In Thornton v. City of St. Helens, the Ninth Circuit determined that the owners of the sole automobile wrecking yard within a city could not raise a viable equal protection claim based on the city's wrecking yard licensing requirements, which significantly impacted their business operations. 425 F.3d at 1160-61. In that case, the plaintiffs attempted to compare themselves to other businesses across the state, as well as those located within the same "Heavy Industry Zone" to show they were subjected to different licensing requirements by the city. Id. at 1167-68. However, because no other auto wreckers operated within the city's boundaries, the Ninth Circuit found that plaintiffs could not show disparate treatment, as the city was "not imposing a burden on the [plaintiffs] that it [did] not also impose on other wreckers within its jurisdiction." Id. With no similarly situated businesses, the court had no basis of comparison for purposes of an equal protection analysis. Accordingly, the Thornton court upheld dismissal of the plaintiffs' equal protection claim. Id.

Here, Plaintiff too has failed to show that other cannabis cultivators within Yolo County, or other similarly situated businesses, have been permitted to operate within 1,000 feet of YBWAH or any other park. Plaintiff also failed to plead facts sufficient to show that Defendant had no rational basis to amend the County Code; the Complaint's allegations to the contrast are wholly conclusory. Therefore, as pleaded, Plaintiff has not shown disparate treatment in violation of the Equal Protection Clause of the Fourteenth

///

Amendment. Accordingly, Defendant's Motion to Dismiss regarding Plaintiff's Sixth COA is GRANTED, with leave to amend.[3]

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED with leave to amend. Plaintiff may (but is not required to) file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, however, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: September 25, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court finds Plaintiff's Complaint insufficient on the grounds discussed above, the Court need not address Defendant's arguments regarding the statute of limitations.